```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ODELL ALLEN,

                     Petitioner,           MEMORANDUM & ORDER
                                           11-CV-1940(JS)
        -against-

MAUREEN BOSCO, Acting Executive
Director of the Central New York
Psychiatric Center,

                     Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:      Alan M. Nelson, Esq.
                     3000 Marcus Avenue
                     Lake Success, NY 11042

For Respondent:      Paul B. Lyons, Esq.
                     Lisa Ellen Fleischmann, Esq.
                     Office of the N.Y. State Attorney General
                     120 Broadway
                     New York, NY 10271
```

SEYBERT, District Judge:

Presently pending before the Court is Respondent's motion for reconsideration of the Court's January 27, 2012 Memorandum and Order[1] granting an evidentiary hearing on the issue of exhaustion or, in the alternative, for an order staying the proceedings pending the resolution of the appeal of <u>Mental Hygiene Legal Servs. v. Cuomo (MHLS)</u>, 785 F. Supp. 2d 205, 210 (S.D.N.Y. 2011). For the following reasons, Respondent's motion is DENIED.

---

[1] <u>Allen v. Bosco</u>, No. 11-CV-1940, 2012 WL 273037 (E.D.N.Y. Jan. 27, 2012).

BACKGROUND

The Court assumes familiarity with the background of the underlying Article 10 civil commitment proceeding, which was discussed in detail in the Court's prior order. The Court will only briefly address the procedural posture of the present case.

On April 14, 2011, Odell Allen ("Petitioner") petitioned this Court pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking the dismissal of the sex offender civil management petition pending against him and his immediate release from custody on the grounds that (i) he was denied a fair trial because the prosecutor made inappropriate comments during closing argument; (ii) he was unable to confront and cross-examine the victim; (iii) he was denied effective assistance of counsel; (iv) the trial violated the principles of double jeopardy; (v) the proceeding violated Petitioner's due process rights; and (vi) Petitioner's Fifth Amendment right against self-incrimination was violated. Respondent opposed, arguing that the Petition must be dismissed (i) for failure to exhaust the claims therein; (ii) because it is premature; and (iii) pursuant to the Younger abstention doctrine because the state proceeding is ongoing.

On January 27, 2012, the Court ordered an evidentiary hearing on the issue of whether the exhaustion requirement should be excused because of the "inexcusable or inordinate

delay" in resolving Petitioner's claims in state court. Allen, 2012 WL 273037, at *4-5. As of the date of that Memorandum and Order, the underlying state court petition had been pending for over three years.

On February 7, 2012, Respondent filed the pending motion for reconsideration, arguing that the Court erred in granting the evidentiary hearing because: (1) the unconstitutionality of the provision of New York's Mental Hygiene Law at issue, N.Y. Mental Hyg. Law § 10.07(c), is not clearly established; (2) Petitioner failed to assert a due process claim in his Petition; and (3) the underlying state court action is ongoing. In the alternative, Respondent seeks a stay pending the Second Circuit's resolution of the appeal of MHLS. Petitioner, now represented by counsel, filed opposition papers on February 8 and March 19, 2012. Respondent filed her reply on April 3, 2012, and Petitioner filed a sur-reply on April 4, 2012.

## DISCUSSION

I. Standard of Review

"Local Rule 6.3 requires that, in a motion for reconsideration, the movant must 'set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked.'" Grand Crossing, L.P. v. U.S. Underwriters Ins. Co., No. 03-CV-5429, 2008 WL 4525400, at *3

3

(S.D.N.Y. Oct. 6, 2008) (quoting SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., Inc., 407 F. Supp. 2d 587, 589 (S.D.N.Y. 2006)). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 613, 614 (S.D.N.Y. 2000)). The motion "is not a substitute for appeal and 'may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision.'" Morales v. Quintiles Transnational Corp., 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998) (quoting Enzo Biochem, Inc. v. Johnson & Johnson, 866 F. Supp. 122, 123 (S.D.N.Y.1994)).

II. Respondent's Motion

Respondent argues that the Court overlooked the following in ordering an evidentiary hearing: (1) that MHLS is currently on appeal to the Second Circuit and a handful of state courts have disagreed with its holding; (2) that Petitioner did not assert a due process claim in his Petition; and (3) that the Younger abstention doctrine and general principles of federalism and comity require abstention. The Court will address each argument in turn.

4

A. <u>Unconstitutionality of N.Y. Mental Hyg. Law § 10.07(c)</u>

Respondent argues that the Court should not have ordered an evidentiary hearing because the unconstitutionality of N.Y. Mental Hyg. Law § 10.07(c) is not clearly established. Specifically, Respondent argues that the Court overlooked the fact that (i) <u>MHLS</u> is on appeal to the Second Circuit and (ii) a handful of state courts have disagreed with its holding. The Court disagrees.

The Court has not yet held that Petitioner is entitled to habeas relief. While such a decision, if and when the Court makes it, will require the determination that the use of a clear and convincing standard at Petitioner's commitment trial was contrary to clearly established federal law, that is not the issue currently before the Court. Rather, the only issue raised by Respondent in his response to the Court's Order to Show Cause was that the Petition was premature and unexhausted. Thus, the Court is currently in the process of determining whether the Petition must be dismissed for failure to exhaust state court remedies or if that requirement can be excused under the present circumstances. Respondent fails to cite any legal authority supporting the conclusion that either the pending appeal of <u>MHLS</u> or the subsequent state court opinions disagreeing with its holding bar the Court from conducting a hearing on the issue of exhaustion.

Further, the Court is compelled to point out that the majority of the state court decisions cited by Respondent do not, in fact, contradict MHLS's holding that the Due Process Clause of the Constitution requires that "sexual motivation" be proven at the commitment trial beyond a reasonable doubt and not by clear and convincing evidence as § 10.07(c) contemplates. See, e.g., State v. Enrique T., 93 A.D.3d 158, 937 N.Y.S.2d 203 (1st Dep't 2012) (disagreeing with MHLS's conclusion that N.Y. MENTAL HYG. LAW § 10.06(k)--the section mandating pre-trial civil commitment--is unconstitutional and never addressing the constitutionality of § 10.07(c), which is the only section of the statute at issue here); State v. Daniel OO., 88 A.D.3d 212, 928 N.Y.S.2d 787 (3d Dep't 2011) (similarly addressing the constitutionality of a provision of the Mental Hygiene Law not at issue in the present case--section 10.07(d)--which relates to commencing an Article 10 proceeding against an incapacitated individual); State v. Kenneth BB., 93 A.D.3d 900, 939 N.Y.S.2d 631 (3d Dep't 2012) (applying a clear and convincing standard at the dispositional hearing to determine whether the dangerous sex offender required civil confinement (as opposed to strict and intensive supervision) pursuant to § 10.07(f)); State v. Justin C., __ N.Y.S.2d __, 93 A.D.3d 852 (2d Dep't 2012) (same).

B.  Failure to Assert Due Process Violation in Petition

Respondent also argues that the Court erred in ordering an evidentiary hearing because Petitioner did not assert a due process violation as a ground for relief in his Petition. Again, the Court notes that it is not reviewing the merits of the Petition at this time but is merely determining whether to excuse the exhaustion requirement. Nonetheless, Petitioner does assert a due process violation in his Petition (Pet. 3) and elaborates on the claim in his reply (Docket Entry 20).

C.  Younger Abstention

Finally, Respondent argues that "were this Court to excuse [P]etitioner from the exhaustion requirement and decide the [P]etition, it would interfere with the state court proceedings, in violation of the fundamental principles of comity." (Resp't Mot. 10.) First, this argument is premature, as the Court has not yet determined whether it will, in fact, excuse the exhaustion requirement. Second, abstention is not required if there is: (1) "no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violation;" and (2) a finding "that the litigant will suffer 'great and immediate' harm if the federal court does not intervene." Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 201 (2d Cir. 2002) (emphasis added) (quoting Trainor v.

7

Hernandez, 431 U.S. 434, 441-42 n.7, 97 S. Ct. 1911, 52 L. Ed. 2d 486 (1977)). An evidentiary hearing on the issue of exhaustion will aid the Court in determining whether abstention is appropriate because the state process can effectively protect Petitioner's rights.

## CONCLUSION

Accordingly, for the foregoing reasons, Respondent's motion for reconsideration is DENIED. The Court will hold a hearing on the issue of whether the exhaustion requirement should be excused. Counsel for both parties are directed to confer and file a joint letter within fourteen (14) days of the date of this Memorandum and Order indicating the dates and time for which they are available for the hearing.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: April 27, 2012
       Central Islip, NY