UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ODELL ALLEN,

                    Petitioner,

          -against-                         MEMORANDUM & ORDER
                                            11-CV-1940(JS)

MAUREEN BOSCO, Acting Executive
Director of the Central New York
Psychiatric Center,

                    Respondent.
----------------------------------X
APPEARANCES
For Petitioner:      Alan M. Nelson, Esq.
                     3000 Marcus Avenue
                     Lake Success, NY 11042

For Respondent:      Michelle Maerov, Esq.
                     Lisa Ellen Fleischman, Esq.
                     Paul B. Lyons, Esq.
                     N.Y. State Office of the Attorney General
                     120 Broadway
                     New York, NY 10271

SEYBERT, District Judge:

          Petitioner Odell Allen ("Petitioner") filed a Petition

for Writ of Habeas Corpus dated April 7, 2011 in connection with

a Mental Hygiene Law Article 10 proceeding before the Supreme

Court, Nassau County. (See Pet., Docket Entry 1, at 2.) See also

New York v. Odell A., 132 A.D.3d 1004, 18 N.Y.S.3d 350, at *1 (2d

Dep't 2015). The Supreme Court, Nassau County directed that

Petitioner be committed to a secure treatment facility during his

confinement based on a finding, after a jury trial, that Petitioner

suffers from a mental abnormality and a determination made

following a dispositional hearing that Petitioner is a dangerous sex offender.  Odell A., 132 A.D.3d at *1.  However, in its Decision and Order dated October 28, 2015, the Appellate Division, Second Department reversed the trial court's determination and dismissed the Mental Hygiene Law Article 10 petition.  Id.

On November 2, 2015, Petitioner's counsel filed a letter advising the Court of the Appellate Division's Decision.  (Pet.'s Ltr., Docket Entry 75.)  Petitioner's counsel further indicated that the Petition may be dismissed as moot following Petitioner's release from custody scheduled for November 3, 2015.  (Pet.'s Ltr.) Respondent's counsel concurred in the dismissal of the Petition as moot following Petitioner's release.  (Resp.'s Ltr., Docket Entry 76.)

In light of the foregoing, the Petition is TERMINATED AS MOOT.  The Clerk of the Court is directed to terminate all pending motions and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     December   21  , 2015
           Central Islip, New York